UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS DANIEL WALKER, | Case No. 1:22-cv-00466-AWI-SKO |
| Plaintiff, | <u>FIRST SCREENING ORDER</u> |
| v. | ORDER FOR PLAINTIFF TO: |
| CHILD PROTECTIVE SERVICES and DEPARTMENT OF SOCIAL SERVICES, | (1) FILE A FIRST AMENDED COMPLAINT; OR |
| Defendants. | (2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT |
| | (Doc. 1) |
| | **THIRTY-DAY DEADLINE** |

Plaintiff Ross Daniel Walker is proceeding *pro se* and *in forma pauperis* in this action. (*See* Doc. 6.) Plaintiff filed his complaint in the United States District Court for the Eastern District of New York on April 11, 2022. (Doc. 1). The case was transferred, *sua sponte*, to this Court on April 19, 2022. (*See* Doc. 4.) Upon review of the complaint, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the assigned

district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order.  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.  SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using the general complaint form similar to that provided by this Court.[1] The complaint lists two defendants: Child Protective Services of Kern County and Department of Social Services of Tulare County. (Doc. 1 at 2.) Plaintiff states that subject matter jurisdiction is based on diversity of citizenship, and indicates that he is a citizen of Kingston, Jamaica. (*Id*. at 3–4.) In the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated, if the basis for jurisdiction is a federal question, he states "I was discriminated against and kept a the [sic] secret by Child Protective Service and demonize and wrongfully accused by investigated [sic]." (*Id*. at 4.) The amount of controversy is listed as "I was accused of a crime I did not commit having nothing to do with seeking damage for victimization pain and suffering" and "1,000,000,000." (*Id*. at 5.)

In the statement of claim section of the complaint, Plaintiff writes "I'm seeking damages for definition of character. I was not treated fairly my constitution [sic] right was taken away. It was not investigated properly and I was falsely accused and deny my rights. They are garnishing my disability check wrongfully." (*Id*. at 5.) Regarding the relief sought, Plaintiff states that "[a]t the time of the incident the child was being abused by his step father not his blood DAD they charge me for victim payment the Step Dad name is Weesh." (*Id*. at 6.)

The Civil Cover Sheet lists the nature of suit as "other statutory actions." (Doc. 1-1.) The basis of jurisdiction is listed as federal question, and the federal civil statute under which Plaintiff

---

[1] As noted above, this case was originally filed in the United States District Court for the Eastern District of New York. As such, it was filed on the general complaint form for that court.

3

is suing is listed as 28 U.S.C. § 1331, the federal jurisdictional statute. (*Id.*)

## III.   DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.   Rule 8**

Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Here, there are no factual allegations in the complaint that identify the basis of the claim(s). Although Plaintiff names two defendants, it is unclear which claims Plaintiff asserts against which defendant(s) and what the factual basis for those claims may be. Plaintiff alleges he was "discriminated against," "accused of a crime that [he] did not commit," "not treated fairly" "not investigated properly," and that his disability check is being garnished "wrongfully." (Doc. 1 at 4–5.) He does not, however, explain what act(s) of discrimination were allegedly perpetrated against him, of what crime he was allegedly falsely accused, how he was allegedly treated unfairly, in what way his disability check is allegedly being garnished, and by whom. Such pleading is not permissible because it does not give the defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

Plaintiff must set forth factual allegations against each named defendant sufficient to state a claim. If Plaintiff elects to amend his complaint, he must separate each claim, state the legal basis

for the claim, and identify how the facts alleged support and show that the particular defendant committed the violation asserted as the legal basis for the claim. *See* Fed. R. Civ. P. 8(a). The failure to do so may result in dismissal of this action.

**B.     Legal Standards**

In the event Plaintiff amends his complaint, the Court provides the following legal standards that may be relevant to his action:

1.     Section 1983

Plaintiff's complaint alleges that his "constitution [sic] right was taken away."[2] (Doc. 1 at 5.) To the extent Plaintiff intends to assert a claim for the deprivation of a constitutional right, 42 U.S.C. § 1983 ("Section 1983"), known as the Civil Rights Act, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person

---

[2] In contrast to Plaintiff's complaint, which alleges only diversity jurisdiction, the Civil Cover Sheet indicates that the basis for jurisdiction is federal question, and the federal cause of action is listed as "28 U.S.C. § 1331." (*See* Doc. 1-1.) Section 1331, however, is purely jurisdictional statute that does not, on its own, create a private right of action. *See Montana-Dakota Util. Co. v. Northwestern Pub. Serv. Co*., 341 U.S. 246, 249 (1951) ("The Judicial Code, in vesting jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions."). *See also White v. Paulsen*, 997 F. Supp. 1380, 1382-83 (E.D. Wash. 1998) (citing *In re Estate of Ferdinand Marcos, Human Rights Litig*., 25 F.3d 1467, 1474–75 (9th Cir. 1994)).

deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must also demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### a. Defendants Child Protective Services and Department of Social Services

Plaintiff may not pursue a civil rights claim pursuant to Section 1983, however, against "Child Protective Services of Kern County." Child Protective Services ("CPS") is not a proper defendant because it is a state entity immune from suit under the Eleventh Amendment. *See Gomez v. Fresno Police Dep't*, Case No. 1:16-cv-00526-LJO-SKO, 2016 WL 2939416, at *4 (E.D. Cal. May 20, 2016) (finding Child Protective Services not a proper defendant in Section 1983 action because it is a state entity immune from suit under the Eleventh Amendment).

Nor is Defendant Department of Social Services of Tulare County a proper defendant for Section 1983 purposes. A claim for civil rights violations pursuant to Section 1983 requires a "person" acting under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, (1989). However, municipal departments and sub-units are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police

departments and bureaus are generally not considered "persons" within the meaning of Section 1983); *see also Hopton v. Fresno Cty. Human Health Sys.*, Case No. 1:20-cv-00141-NONE-SKO, 2020 WL 3035157, at *6 (E.D. Cal. June 5, 2020) ("[N]aming a municipal department as a defendant is not an appropriate means of pleading a [Section] 1983 action against a municipality.") (citation omitted); *King v. Ramirez*, No. 1:18-CV-00769-LJO-SKO, 2018 WL 4352924, at *6 (E.D. Cal. Sept. 11, 2018) ("Fresno Department of Social Services" not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of Section 1983).

Additionally, a public entity cannot be held vicariously liable for the actions of its employees in violation of Section 1983 on a theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.,* , 436 U.S. 658 (1978). Instead, a municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Id.* at 694. To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [they were] deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cnty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636–68. Thus, even if Plaintiff properly named a local government unit subject to suit under Section 1983, the complaint fails to state a claim against it because there is no allegation that any action inflicting injury flowed from either an explicitly adopted or a tacitly authorized governmental policy.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of *respondeat superior*; therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be

specifically alleged. *Iqbal*, 556 U.S. at 676–77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under Section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

Plaintiff has not named any individual CPS or Department of Social Services employees as defendants. To assist Plaintiff, the Court notes that social workers are also absolutely immune from civil liability for claims concerning their "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908 (9th Cir. 2008) (quoting *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003)); *see also Meyers v. Contra Costa Cnty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1157 (9th Cir. 1987). The immunity "covers the official activities of social workers only when they perform quasi-prosecutorial or quasi-judicial functions in juvenile dependency court." *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Social workers may have absolute immunity when discharging functions that are "critical to the judicial process itself." *Beltran*, 514 F.3d at 908. "[S]ocial workers are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." *Tamas v. Dep't of Social & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010). In those instances, only qualified, not absolute, immunity is available. *Miller*, 335 F.3d at 898. Examples of such discretionary decisions include "decisions and recommendations as to the particular home where a child is to go or as to the particular foster parents who are to provide care." *Id*.

   *b.*  *Due Process*

Plaintiff's complaint alleges he was "not investigated properly" and was "falsely accused," presumably of some form of child abuse. (Doc. 1 at 5, 6. *See also* Doc. 4 at 1.) Parents have a constitutionally protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "A parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 27 (1981) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)); *accord Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir. 1985)).

The right to familial association has both a substantive and a procedural component. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). "While the right is a fundamental liberty interest, officials may interfere with the right if they [fail to] provide the parents with fundamentally fair procedures[.]" *Keates*, 883 F.3d at 1236 (internal citations omitted); *see also Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999) (reasoning that the Fourteenth Amendment guarantees "that parents and children will not be separated by the state without due process of law except in an emergency")). However, the constitutional liberty interest in the maintenance of the familial relationship is not absolute and "[t]he interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children." *Woodrum v. Woodward Cnty., Okl.*, 866 F.2d 1121, 1125 (9th Cir. 1989).

To state a claim under the Due Process Clause, it is not enough to allege that a state actor interfered with the familial relationship. *Woodrum*, 866 F.2d at 1125. "[M]ere negligence or lack of due care by state officials in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983." *Woodrum*, 866 F.2d at 1126 (citing *Daniels v. Williams*, 474 U.S. 327, 330–32 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986)). The Supreme Court has stated that the question remains open as to "whether something less than intentional conduct, such as recklessness or gross negligence, is enough to trigger the protections of the Due Process Clause." *Daniels*, 474 U.S. at 334 n.3.

As set forth above, Plaintiff does not allege any facts stating what the named defendants did or did not do. If Plaintiff chooses to amend his complaint, he should describe what each defendant did or failed to do to violate his rights.

### c. Equal Protection

Plaintiff alleges he was "discriminated against." (Doc. 1 at 4.) "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Serrano v. Francis*, 345 F.3d 1071, 1081 (9th Cir. 2003) (citation omitted). "Denials [of the equal protection of the laws] by any person acting under color of state law are actionable under [Section] 1983." *Dyess ex rel. Dyess v. Tehachapi Unified Sch. Dist.*, No. 1:10–CV–00166–AWI–JLT, 2010 WL 3154013, at *6 (E.D. Cal. Aug. 6, 2010). To state an equal protection claim under Section 1983, a plaintiff must typically allege that "'defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, where the claim is not that the discriminatory action is related to membership in an identifiable group, a plaintiff can establish an equal protection "class of one" claim by alleging that he as an individual "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" in the departure from some norm or common practice. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Allegations that a defendant has merely done some harmful act against the plaintiff, without more, fail to state an equal protection "class of one" claim. *See Nails v. Haid*, No. SACV 12–0439 GW (SS), 2013 WL 5230689, at *3–5 (C.D. Cal. Sept. 17, 2013) (citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1990); *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law ....") (internal quotation marks omitted) ).

Should Plaintiff wish to amend his complaint to plead an equal protection claim under Section 1983, he shall plead facts showing that he is a member of a protected class for purposes of

10

the Equal Protection Clause, or that he was treated differently than others similarly situated with no rational basis for the difference in treatment.

### 2. State Law Claims

Plaintiff alleges he is seeking damages for "definition of character" and false accusations, which resulted in the garnishment of his disability check "wrongfully." (Doc. 1 at 5.) To the extent Plaintiff intends these allegations to state claims for defamation, malicious prosecution, and/or abuse of process against the named defendants, such claims sound in California law. As set forth above, however, Plaintiff has not pleaded facts that would give rise to liability for these state law claims.

Plaintiff has also not pleaded compliance with the claims presentation requirement so as to be allowed to proceed on any such claims in this action. As set forth in California Government Code sections 810 *et seq.*, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board, and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal. App. 4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal*., 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239.

Federal courts likewise must require compliance with the claims presentation requirement

for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995). State tort claims included in a federal action, filed pursuant to Section 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 1001 (C.D. Cal.2008).

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so he can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cnty.* 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice as to how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff

may choose to stand on his complaint subject to the Court issuing findings and recommendations to the assigned district judge consistent with this order.

## IV. ORDER

Based on the foregoing, IT IS ORDERED that:

1. **Within thirty (30) days from the date of service of this order**, Plaintiff shall either:

   a. File a First Amended Complaint; or

   b. Notify the Court in writing that he wants to stand on this complaint;

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:22-cv-00466-AWI-SKO; and

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: __**May 24, 2022**__                    /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE