1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  ROSS DANIEL WALKER,                    Case No. 1:22-cv-00466-AWI-SKO

10            Plaintiff,

11     v.                                 **ORDER TO SHOW CAUSE WHY THE
                                          ACTION SHOULD NOT BE
                                          RECOMMENDED FOR DISMISSAL**
12
13  CHILD PROTECTIVE SERVICES, et al.,    (Doc. 7)

14            Defendants.                 **THIRTY DAY DEADLINE**

15
16  _____/

17
18         Plaintiff Ross Daniel Walker is proceeding *pro se* and *in forma pauperis* in this action.  (*See*

19  Doc. 6.)  Plaintiff filed his complaint in the United States District Court for the Eastern District of

20  New York on April 11, 2022.  (Doc. 1).  The case was transferred, *sua sponte*, to this Court on April

21  19, 2022.  (*See* Doc. 4.)

22         On May 24, 2022, the Court issued an order finding that Plaintiff's complaint failed to state

23  any cognizable claims and granting leave for Plaintiff to file an amended complaint within thirty

24  days.  (Doc. 7.)  To date, Plaintiff has not filed an amended complaint or requested an extension of

25  time in which to do so.

26         The Local Rules of the United States District Court for the Eastern District of California,

27  corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel

28  or of a party to comply with . . . any order of the Court may be grounds for the imposition by the

Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, <u>within thirty (30) days of the date of service of this Order</u>, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's order and for failure to prosecute his case.** Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if he fails to take action within thirty (30) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk of Court to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **July 11, 2022**                                        /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE

2