# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS DANIEL WALKER,<br><br>Plaintiff,<br><br>v.<br><br>CHILD PROTECTIVE SERVICES, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:22-cv-00466-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE**<br><br>(Docs. 7 & 8)<br><br>**THIRTY DAY DEADLINE** |

Plaintiff Ross Daniel Walker is proceeding *pro se* and *in forma pauperis* in this action. (*See* Doc. 6.) Plaintiff filed his complaint in the United States District Court for the Eastern District of New York on April 11, 2022. (Doc. 1). The case was transferred, *sua sponte*, to this Court on April 19, 2022. (*See* Doc. 4.)

On May 24, 2022, the Court issued a screening order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave for Plaintiff to file an amended complaint within thirty days. (Doc. 7.) To date, Plaintiff has not filed an amended complaint or requested an extension of time in which to do so.

On July 12, 2022, an order issued for Plaintiff to show cause ("OSC") within thirty days why the action should not be dismissed for his failure to comply with the Court's screening order and for failure to prosecute this case. (Doc. 8.) Plaintiff was warned in both the screening order and the

1  OSC that the failure to comply with the Court's order would result in a recommendation to the
2  presiding district judge of the dismissal of this action. (*Id. See also* Doc. 7.) Plaintiff has not yet
3  filed any response, and the time to do so has passed.

4  The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of
5  a party to comply with . . . any order of the Court may be grounds for the imposition by the Court
6  of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. *See also*
7  Local Rule 183(a). "District courts have inherent power to control their dockets," and in exercising
8  that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing*
9  *Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with
10  prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure
11  to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
12  (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S.*
13  *Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court
14  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute
15  and to comply with local rules).

16  Based on Plaintiff's failure to comply with, or otherwise respond to, the screening order and
17  the OSC, there is no alternative but to dismiss the action for his failure to obey court orders and
18  failure to prosecute.

19  Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiff's
20  failure to obey court orders and failure to prosecute this action.

21  These Findings and Recommendation will be submitted to the United States District Judge
22  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within thirty**
23  **(30) days** after being served with these Findings and Recommendation, Plaintiff may file written
24  objections with the Court. The document should be captioned "Objections to Magistrate Judge's
25  Findings and Recommendation." Plaintiff is advised that failure to file objections within the
26  specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,
27  839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

28

1  The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **August 18, 2022**              /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE